IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. BOBBY GENE TUCKER

**Appeal from the Criminal Court for Cumberland County**
**No. 5408     Lillie Ann Sells, Judge**

---

**No. E2001-00017-CCA-R3-CD**
**August 23, 2001**

---

The defendant, Bobby Gene Tucker, appeals from the revocation of his probation received for his conviction for driving under the influence of an intoxicant (DUI) after having served fifteen days in confinement. He contends (1) that the revocation warrant and affidavit are void, thereby voiding his probation revocation and (2) that the trial court abused its discretion in sentencing him to serve the maximum term of eleven months, twenty-nine days with credit for time served. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

David Neal Brady, District Public Defender, and Cynthia S. Lyons, Assistant Public Defender, for the appellant, Bobby Gene Tucker.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William Edward Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was convicted on June 25, 1999. He was sentenced to eleven months, twenty-nine days with all but fifteen days suspended. Because he had not paid his fine and court costs, his probation was extended in June 2000 for a period of six months. In October 2000, the revocation warrant in this case was issued charging that the defendant admitted using marijuana, failed to submit to a drug screen test, and failed to pay any fine and court costs. At the revocation hearing, two probation officers testified. One said that the defendant had been asked to submit to a drug screen but that the defendant had left the probation office before the test was administered. She also

testified that during a subsequent telephone call, the defendant admitted recent use of marijuana. The other officer testified regarding a telephone call during which the defendant admitted using marijuana. Although the defendant had not paid on his fine and costs, the record reflects that the defendant had been medically unable to remain employed and had applied for disability.

The defendant testified that he left the probation office before completing the drug screen because he was unfamiliar with the process and was concerned that an accurate result would not be possible, stating that he was on various medications. He denied admitting to the probation officers that he used marijuana. He also claimed that he submitted to a drug test at Cumberland Medical Center and that the results were negative.

The trial court found the probation officers to be credible and the defendant to be unworthy of belief. The trial court found that the defendant violated conditions of his probation regarding drug screens and the use of drugs. The court ordered the defendant to serve the remainder of his sentence of eleven months, twenty-nine days.

For the first time on appeal, the defendant attacks the revocation warrant and affidavit. He claims that because the affidavit neither alleges nor indicates that his original probationary period had been extended, the warrant and all subsequent proceedings are void. He asserts that the revocation warrant provided in Tenn. Code Ann. § 40-35-311(a) regarding probation violation is to be governed as the equivalent of an arrest warrant. He then notes that the affidavit for an arrest warrant must allege the essential facts constituting the offense. See Tenn. R. Crim. P. 3, 4. In response, the state contends that the fact that the defendant did not raise this issue in the trial court constitutes a waiver. Given the potential jurisdictional nature of the defendant's claim, the state, citing two unpublished cases from this court, argues that Tenn. Code Ann. § 40-35-311(a) does not specify any requirements for a revocation warrant and that the fact that the warrant was signed by the trial court meant that it was properly issued. See State v. Janie Cousett, No. W1999-01256-CCA-R3-CD, Madison County (Tenn. Crim. App. Feb. 10, 2000); State v. Roger Dale Chisam, No. 85-194-III, Franklin County (Tenn. Crim. App. Dec. 13, 1985).

In Cousett, this court held that the fact that the affidavit supporting the revocation warrant was unsworn did not render the revocation proceedings void. Relying upon Chisam, it also held that the probation revocation warrant did not require an affidavit and was valid. In Chisam, the defendant was prosecuted for assault with intent to commit robbery and sought to exclude evidence taken from him when he was arrested on a probation revocation warrant. He sought suppression of the evidence, claiming in part that the warrant was not issued in compliance with the requirements of Rules 3 and 4 of the Tennessee Rules of Criminal Procedure. This court concluded that the probation revocation statute, not the Rules, provides the authority for a trial judge to issue revocation warrants. In this respect, it stated that a trial judge has the power to issue probation violation warrants without the necessity of an affidavit. We question the validity of these opinions relative to the arrest resulting from such a warrant. That is, we seriously doubt that a custodial arrest, i.e., a seizure of the person to the utmost degree through state action, may occur without adequate probable cause supported by

affidavit under constitutional search and seizure requirements. In any event, this case may be resolved without such an analysis.

We agree with <u>Cousett</u> and <u>Chisam</u> to the extent that they recognize that revocation proceedings are not rendered void merely because the allegations of fact that, if true, justify revocation were not placed in affidavit form. The constitutional validity of the arrest, alone, has no relevance to a probation revocation proceeding about which the defendant has received adequate notice of the charges against him. Such is obviously the case before us. The evidence used to prove the defendant's violation of his probation conditions did not derive from his arrest upon the revocation warrant. The revocation proceeding was valid.

Relative to sentencing, the defendant contends that sentencing him to the maximum length of confinement was excessive. He points to his having successfully completed approximately fifteen months of supervised probation without incident and the fact that his lack of payment on the fine and court costs was based upon inability, not willful refusal. He asserts again that he did not understand the drug test procedure and that he tried to remedy his mistake by submitting to a drug screen elsewhere. The defendant asserts that he has proven himself "willing to comply with the conditions of probation, making incarceration unnecessary and excessive punishment."

The decision to revoke probation and to require confinement for the whole sentence is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by absence of substantial evidence to support the trial court's finding. <u>See</u> <u>State v. Hunter</u>, 1 S.W.3d 643, 648 (Tenn. 1999); <u>State v. Gregory</u>, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant's allegation of facts before us is futile – the trial court found that his testimony was not believable. Nothing in the record preponderates otherwise. Obviously, a person on probation for DUI who is using marijuana and refusing to comply with the drug testing requirements of his probation officer does not instill confidence about his future compliance with the law. We conclude that substantial evidence exists to support the trial court's decision. The judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE